UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TREMAYNE BUCKNER,

        Petitioner,

                                                             Case Number 06-11098
                                                             Crim. Number 03-20001
v.                                                       Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE**

      Defendant Tremayne Buckner has filed a motion under 28 U.S.C. § 2255 to vacate his sentence. Tremayne was convicted on his guilty plea of conspiracy to distribute fifty grams or more of cocaine base on December 5, 2002. On November 6, 2003, he was sentenced to 168 months in custody. The defendant mistakenly filed the present motion with the Sixth Circuit, instead of this Court, on January 12, 2006. The defendant corrected this mistake by filing the motion with this Court on March 15, 2006. The Court will consider the motion as if it had been filed in this Court on January 12, 2006. The defendant's motion alleges that he should be resentenced under the advisory guideline regime ordained in *United States v. Booker*, 543 U.S. 220 (2005).

      Section 2255, ¶ 6, establishes "[a] 1-year period of limitation [that] appl[ies] to a motion under this section." Buckner argues that his motion is timely because *Booker* was decided on January 12, 2005, and his motion was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255, ¶ 6(3). The Court will give the defendant the benefit of the doubt and consider his motion filed as of January 12, 2006. The Supreme Court has held that when a new right is established, regardless of when that right has been

deemed retroactive with respect to cases on collateral review, applicants have one year following the date of the Supreme Court's decision to file motions under section 2255. *Dodd v. United States*, __ U.S. __, 125 S. Ct. 2478 (2005). Buckner's motion, therefore, is deemed to be timely.

However, despite Buckner's argument to the contrary, the Supreme Court has not given retroactive effect to its pronouncements in *United v. Booker*. In fact, the Sixth Circuit has held that "*Booker's* rule does not apply retroactively in collateral proceedings." *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005).

When a motion is filed under section 2255, the sentencing judge must "promptly examine it" and deny it "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Because the issues raised by the defendant in his motion are governed entirely by *Humphress v. United States*, the Court determines that the defendant may not claim the benefit of *Booker's* pronouncement, and therefore it plainly appears that he is not entitled to relief.

Accordingly, it is **ORDERED** that the defendant's motion to vacate, set aside, or correct his sentence [dkt #106] is **DENIED**.

Dated: March 24, 2006   s/David M. Lawson
 DAVID M. LAWSON
 United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2006.

 s/Tracy A. Jacobs
 TRACY A. JACOBS

---