UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TREMAYNE BUCKNER,

               Petitioner,               Civil Case No. 06-11098-BC
                                         Crim. Case No. 03-20001-BC-01
v.                                        Honorable David M. Lawson

UNITED STATES OF AMERICA,

               Respondent.

_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY
## AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

This Court has denied Tremayne Buckner's motion to vacate, set aside, or correct sentence which was brought pursuant to 28 U.S.C. § 2255. He has now filed a request for a certificate of appealability and a motion to proceed in forma pauperis on appeal.

I.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court denied the petitioner's § 2255 motion as untimely because he filed the motion on March 15, 2006, after mistakenly filing it in the Sixth Circuit Court of Appeals on January 12, 2006, more than one year after his 2002 conviction became final.  The petitioner argued that the motion should be considered timely because he filed it within one year of the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), a new rule of law applicable to his case.  *See* 28 U.S.C. § 2255 para. 6(3).

The Court disagreed.  Even if the motion was considered filed on January 12, 2006, the petition was still untimely because *Booker* is not applicable retroactively to cases on collateral review.  Section 2255 establishes a 1-year period of limitation applicable to motions to vacate, set aside, or correct sentence.  The period may be calculated to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255 para. 6(3).  Evaluating Buckner's motion, the Court noted that the Supreme Court has not given retroactive effect to its pronouncements in *United States v. Booker* and the Sixth Circuit has held that "*Booker's* rule does not apply retroactively in collateral proceedings."  *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005).  Because *Booker* was not retroactive, the Court concluded that the petitioner was not entitled to relief.

In his motion for a certificate of appealability, the petitioner asserts that the Sixth Circuit's decision in *Humphress* was wrongly decided.  He argues that reasonable jurists could disagree that the principles in *Booker* are applicable retroactively on collateral review because the general principles in *Booker* were originally laid out in *Apprendi v. New Jersey*, 530 U.S 466 (2000), which predated the petitioner's conviction.

The Court notes that it recently granted a certificate of appealability to a petitioner who argued that *Humphress* was wrongly decided in light of the Supreme Court's decision in *Hicks v. Oklahoma*, 447 U.S. 343 (1980).  *See United States v. Crittendon*, No. 00-20065 (E.D. Mich. Feb. 23, 2006).  The Court thus concludes that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further and he has satisfied the standard for the issuance of a certificate of appealability.

## II.

Before the Court is the petitioner's application to proceed *in forma pauperis* on appeal.  The docket shows that the petitioner was determined to be financially unable to obtain an adequate defense in his criminal case and that counsel was appointed for him.  Thus, the petitioner is automatically authorized to appeal *in forma pauperis* under Federal Rule of Appellate Procedure 24(a)(3).

## III.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** with respect to the petitioner's claim that *United States v. Booker*, 543 U.S. 220 (2005), is retroactively applicable to cases on collateral review.

It is further **ORDERED** that the motion to proceed *in forma pauperis* on appeal is **GRANTED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 2, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 2, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS